**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAREN SLINSKI, as Personal
Representative of the Estate of Richard Slinski,

    Plaintiff,

v.                                        Case No. 07-CV-10270-DT

CSX Transportation,

    Defendant.
                                                 /

**OPINION AND ORDER GRANTING DEFENDANT'S
"AMENDED MOTION FOR MORE DEFINITE STATEMENT"**

Pending before the court is Defendant CSX Transportation, Inc.'s "Amended Motion for More Definite Statement," filed on April 3, 2007. The matter has been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

In its motion, Defendant contends that Plaintiff Karen Slinski's complaint is "so vague and ambiguous that Defendant 'cannot reasonably be required to frame a responsive pleading.'" (Def.'s Br. at 2, quoting Fed. R. Civ. P. 12(e).) In Plaintiff's five-paragraph complaint, she alleges that Defendant violated the Federal Employer's Liability Act, 45 U.S.C. § 51, by failing to provide her decedent, Richard Slinski with a safe working environment. (Compl. at ¶ 3.) The complaint further asserts that the decedent was exposed to "solvents, metals, diesel engine emissions, welding and/or torch cutting." (*Id.* at ¶ 4.) While Plaintiff seeks damages for eight general categories of injury, she fails to specify exactly what type of injury the decedent allegedly suffered due

to Defendant's actions. (*Id.* at ¶ 5.) Even taking into account the liberal notice pleading requirements of Federal Rule of Civil Procedure 8, Plaintiff's complaint fails to meet the threshold level of specificity required in order to allow Defendant a reasonable opportunity to frame its answer. Fed. R. Civ. P. 12(e). While discovery will serve to uncover the details of Plaintiff's allegations, her complaint should at least provide "a short and plain statement of the claim showing that the pleader is entitled to relief," which necessarily requires more details with respect to causation and damages. Fed. R. Civ. P. 8(a)(2). Accordingly,

IT IS ORDERED that Defendant CSX Transportation, Inc.'s "Amended Motion for More Definite Statement" [Dkt. # 4] is GRANTED. Plaintiff shall file an amended complaint within **7 days** from the date of this order which provides further allegations with respect to (1) the time frame during which the decedent was allegedly exposed; (2) the types of exposure, or exposures, alleged;[1] and (3) the type of the alleged injury.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2007

---

[1] While Plaintiff alleges that her decedent was exposed to "solvents, metals, diesel engine emissions, welding and/or torch cutting," the use of the word "or" implies that these are possible causes of injury. (Compl. at ¶ 4.) Given that a welding injury would undoubtedly be quite different than an injury stemming from exposure to solvents, Plaintiff's current assertion of exposure type is vague and ambiguous under Rule 12(e). In order to meet the signing requirements of Rule 11, counsel must have some indication, even at this point, of the type of exposure alleged. Fed. R. Civ. P. 11.

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 8, 2007, by electronic and/or ordinary mail.

                                                          S/Lisa Wagner
                                                          Case Manager and Deputy Clerk
                                                          (313) 234-5522